IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Charles R. KOEHN, Attorney at Law.

Supreme Court

*No. 95–2578–D. Filed March 12, 1997.*

(Also reported in 559 N.W.2d 908.)

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Charles R. Koehn to practice law in Wisconsin be suspended for two months as discipline for professional misconduct. That misconduct consisted of his failure to comply with a rule of court requiring him to tender witness and travel fees to a person he subpoenaed, failure to advise a client charged with an ordinance violation that he was unable to obtain a reduction of the charge, prepare the client for trial, and inform the client that he had entered a no contest plea to the charge until after he had done so, misrepresenting to a court and a prosecutor in a matter in which he was seeking to withdraw his client's no contest plea that he had taken steps to withdraw the appeal from the client's conviction he had filed, misrepresenting to a client that he had made a demand on counsel for an adverse party, failing to act with reasonable diligence in pursuing that client's claims and keep the client reasonably informed of the status of the matter, failing to refund to that client the advance payment of fees he did not earn, and misrepresenting in his testimony his whereabouts at a time when he had a conversation with his client.

¶ 2. We determine that the seriousness of Attorney Koehn's misconduct established in this proceeding warrants the suspension of his license to practice law for the minimum period, 60 days. In 1991, he was privately reprimanded by the Board of Attorneys Professional Responsibility (Board) for some of the same misconduct, namely, agreeing with the prosecutor to enter a no contest plea on his client's behalf to a

criminal traffic charge without first consulting with the client and failing to inform his client of that agreement, with the result that when he appeared for the scheduled trial without Attorney Koehn, the client was unaware that the trial had been canceled and a plea hearing scheduled in its place. The court in that matter removed Attorney Koehn from representation of the client. Notwithstanding the reprimand, Attorney Koehn continued to engage in that and other professional misconduct detrimental to the interests of his clients.

¶ 3. Attorney Koehn was admitted to the practice of law in Wisconsin in 1977 and practices in Green Bay. The referee in this proceeding, Attorney John E. Shannon, Jr., made findings of fact based on a stipulation of the parties and evidence presented at a disciplinary hearing.

¶ 4. In March, 1993, in the course of representing a criminal defendant in federal court, Attorney Koehn subpoenaed a witness to appear in the matter, but he did not tender the witness fee or travel allowance for that appearance, contrary to the federal procedural rule requiring that he do so upon service of the subpoena. The witness appeared as required and then made several requests, some by registered mail, for payment of the fee and travel allowance. Attorney Koehn ignored those requests until one year later, when he paid the fees after receiving a letter from the judge. The referee concluded that Attorney Koehn knowingly disobeyed the rules of the court, contrary to SCR 20:3.4(c).[1]

---

[1] SCR 20:3.4 provides, in pertinent part:

**Fairness to opposing party and counsel**
A lawyer shall not:

. . .

130

¶ 5. In a second matter, Attorney Koehn was retained in July, 1993 to represent a man charged with municipal ordinance battery. The client did not appear at the hearing, and Attorney Koehn entered a plea of no contest on his behalf. While the client had authorized Attorney Koehn to enter into plea negotiations, including disposition of the charge, he did not authorize him to enter a plea of no contest and did not learn he had done so until the day after the hearing, when Attorney Koehn notified him that he had entered the no contest plea and the court fined him $145. The referee concluded that Attorney Koehn's failure to advise his client he was unable to obtain a reduction of the charge to disorderly conduct, not contacting the client to prepare for trial, and failure to advise the client he would enter a no contest plea violated SCR 20:1.4(a),[2] which requires a lawyer to keep a client reasonably informed of the status of a legal matter.

¶ 6. A third matter concerned Attorney Koehn's conduct in representing a client in April, 1992 to obtain a reduction of the client's prison sentence. After filing a notice of appeal of the conviction, Attorney Koehn filed a motion in the circuit court asking that the client's no contest plea be withdrawn. At the hearing on that motion, the prosecutor questioned whether the trial court had jurisdiction to hear the motion, as an appeal was pending. In response, Attorney Koehn told the

---

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

[2] SCR 20:1.4 provides, in pertinent part:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

court and the prosecutor that the appeal was being withdrawn, asserting that a motion to withdraw the appeal had been faxed to the court and to the district attorney that day. Based on those representations that the appeal had been dismissed voluntarily, the court proceeded to hear the motion and the next day denied it. In fact, when the court denied the motion, the appeal had not been withdrawn or voluntarily dismissed; the Court of Appeals dismissed it several days after the motion hearing for Attorney Koehn's failure to file a brief and appendix. Also, contrary to his representation, Attorney Koehn had not faxed a copy of the appeal dismissal motion to either the court or to the prosecutor. The referee concluded that Attorney Koehn's misrepresentations of fact to the court violated SCR 20:3.3(a)(1).[3]

¶ 7. The fourth matter considered in this proceeding concerned Attorney Koehn's representation of a client who retained him in August, 1994 to pursue collection of disputed bills for services. The client gave Attorney Koehn a $1500 retainer in the matter.

¶ 8. While in the courthouse on an unrelated matter, Attorney Koehn met his client unexpectedly and told him he had sent a demand letter to the debtor's attorney. In the ensuing two months, the client made numerous unsuccessful attempts to contact Attorney Koehn by telephone about the matter and then discharged him. Thereafter, the debtor's attorney contacted the client seeking to resolve the dispute. When the client asked whether Attorney Koehn had sent a demand letter or at least had informed her that

---

[3] SCR 20:3.3 provides, in pertinent part:

**Candor toward the tribunal**
(a) A lawyer shall not knowingly:
(1) make a false statement of fact or law to a tribunal;

he was representing him, the attorney responded that she had received no communication from Attorney Koehn. The client's continued attempt to contact Attorney Koehn was unsuccessful. The matter in dispute ultimately was settled without the assistance of counsel.

¶ 9. The client then filed an action in small claims court against Attorney Koehn for return of the retainer he had paid. Following trial, the client obtained a judgment for the full amount of the retainer, plus filing fees. Attorney Koehn appealed that decision and the matter was tried de novo in circuit court. At that trial, Attorney Koehn testified that he had not billed the client or his company for other work he had done on a traffic matter, notwithstanding that the court file included a bill from Attorney Koehn to the client in the amount of $800 for "traffic matters." At trial, Attorney Koehn also attempted to show that his meeting with the client in the courthouse when he allegedly said he had sent a demand letter to the debtor's attorney could not have occurred because on that day he was some distance away on two other matters. In fact, however, it was established that Attorney Koehn had appeared in person in the courthouse before a circuit judge in another matter on the date in question. The trial court ordered judgment for the client for the amount of the retainer less $125 for the initial conference with Attorney Koehn.

¶ 10. The referee concluded that Attorney Koehn's knowingly false statements of fact to the court regarding his presence in the courthouse violated SCR 20:3.3(a)(1); his false statement to his client that he had sent a demand letter to opposing counsel constituted dishonesty, fraud, deceit and misrepresentation,

in violation of SCR 20:8.4(c);[4] his failure to act with reasonable diligence in pursuing the client's claims violated SCR 20:1.3;[5] his failure to keep the client reasonably informed of the status of those claims violated SCR 20:1.4(a); and his failure to refund the retainer he had not earned violated SCR 20:1.16(d).[6]

¶ 11. As discipline for the professional misconduct in these matters, the referee recommended a two-month license suspension, consistent with the 60-day license suspension urged by the Board at the close of the disciplinary hearing.

¶ 12. We adopt the referee's findings of fact and conclusions of law and determine that the appropriate discipline to impose for Attorney Koehn's misconduct is a 60-day suspension of his license to practice law. In addition, we require him to pay the costs of this proceeding, as the referee recommended.

---

[4] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[5] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[6] SCR 20:1.16 provides, in pertinent part:

**Declining or terminating representation**
. . .
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

¶ 13. IT IS ORDERED that the license of Charles R. Koehn to practice law in Wisconsin is suspended for a period of 60 days, commencing April 7, 1997.

¶ 14. IT IS FURTHER ORDERED that within 60 days of the date of this order Charles R. Koehn pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Charles R. Koehn to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 15. IT IS FURTHER ORDERED that Charles R. Koehn comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.